RECEIVED
IN ALEXANDRIA, LA

MAY 26 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLARENCE SWEENEY<br>LA. DOC # 113028<br>VS. | CIVIL ACTION NO. 09-0324<br>SECTION P<br>JUDGE DRELL |
| LOUISIANA DEPT. OF CORRECTIONS | JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Clarence Sweeney filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 25, 2009.[1] He was permitted to proceed *in forma pauperis* on March 31, 2009. [rec. doc. 5] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the River Correctional Center, Ferriday, Louisiana. He contends that his continued custody violates the Constitutions and laws of the United States and the State of Louisiana. He seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** because petitioner has failed to state a

---

[1] Petitioner filed a virtually identical suit as a civil rights complaint on the same date. That matter has been assigned Docket Number 1:09-cv-0322 and will be addressed in a separate Report and Recommendation.

claim for which relief may be granted.

## Statement of the Case

On March 19, 1986, petitioner was convicted of armed robbery and sentenced to serve 25 years by the First Judicial District Court, Caddo Parish. His full term release date was calculated to be January 12, 2010. On November 22, 1997 he was released on "good time" parole pursuant to La. R.S.15:571.5.

On March 2, 2006 he was arrested in California for violating an unspecified condition of his release agreement. He served one year in custody in California before being returned to Louisiana. Upon his return to Louisiana, his parole status was revoked by the Louisiana Parole Board and he was ordered to serve his original sentence. His release date was recalculated and is now projected for sometime in January 2019.

Petitioner contends that he is entitled to a credit against his sentence for the 9 years he remained on parole between 1997 and 2006. He claims that the executive branch (Parole Board) has usurped the prerogatives of the Judicial Branch by extending his full time release date beyond the original date. He also claims that this has resulted in the deprivation of "Life and Liberty" without due process. Finally, he claims that the adjustment of his sentence is in violation of La. C.Cr.P. art. 879 and the Constitutions of the United States and the State of Louisiana since the sentence originally imposed has become an indeterminate

sentence.

He asks the court to reinstate the original full term release date of January 22, 2010, and to thereafter award 6 months educational good time credits resulting in a discharge date of June 22, 2009.

### *Law and Analysis*

Petitioner is "... a person in custody pursuant to the judgment of a State court..." He is entitled to relief only if he can show "... that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. §2254(a). (Federal *habeas* petitions challenging parole revocations are properly brought under § 2254. See, e.g., Carmona v. Andrews, 357 F.3d 535 (5th Cir.2004); Morrison v. Johnson, 106 F.3d 127 (5th Cir.1997); Newby v. Johnson, 81 F.3d 567 (5th Cir.1996).)

La. R.S. 15:571.5 provides:

A. (1) When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.

\*        \*        \*

B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions prior to his release date.

(2) The person released because of diminution of sentence pursuant to this Part shall be supervised in

3

the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.

C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department <u>for the remainder of the original full term.</u> (emphasis added)

By his own admission, petitioner's early release on November 22, 1997, a date prior to the expiration of his full term release date, was pursuant to this statutory scheme. Therefore, when released, petitioner was released "as if released on parole," and he was subject to supervision "... in the same manner and to the same extent as if he were released on parole...."

Prior to his release under those conditions, petitioner had a choice – he could chose to serve out his full term of imprisonment without parole, or he could choose early release, but conditioned upon compliance with the terms of his release for diminution of sentence under La. R.S. 15:571.5. See, <u>Bancroft v. Louisiana Department of Corrections</u>, 635 So.2d 738 (La.App. 1st Cir.1994)(holding that an inmate did not sign parole conditions release form under "duress," even though such signing was a prerequisite to his release from custody, but rather, he chose early condition release over the option of serving the remainder of his sentence, and further holding that upon revocation being

4

recommitted to the DOC for the remainder of his original full term which was without the benefit of parole did not amount to his being subjected to more onerous punishment); see also Malava v. State of Louisiana, Dept. of Public Safety, 2001 WL 630472 (E.D.La., 2001).

He chose early release under the terms stipulated in the statute. Petitioner has not shown how Louisiana's statutory scheme, either as written or as applied in his case, violates the Constitution, laws, or treaties of the United States.

The gravamen of his claim is that he is entitled to credit against his sentence for the time he spent on parole. However, there is no Constitutional right to the reduction of the sentence of a parole violator for time he spent on parole. See Morrison v. Johnson, 106 F.3d 127, 129 n. 1 (5th Cir.1997); Newby v. Johnson, 81 F.3d 567, 569 (5th Cir.1996), cited in Ferguson v. Louisiana Dept. of Public Safety and Corrections, 218 Fed. Appx. 355 (5th Cir. 2007)(unpublished). Since petitioner has not shown that he is in custody in violation of the Constitution, laws, or treaties of the United States, his petition for *habeas corpus* should be dismissed for failing to state a claim for which relief may be granted.[2]

---

[2] Further, pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust available state court remedies before seeking federal *habeas corpus* relief. As noted by the Fifth Circuit, "[A] claim is not exhausted unless the habeas petitioner provides the highest state court with a 'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper

5

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

---

manner according to the rules of the state courts.'" Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir.1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988)). This same rule applies to *habeas* petitions filed by state prisoners pursuant to 28 U.S.C. §2241. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987).

Louisiana law requires sentence computation and other parole related matters be brought first through the Louisiana Department of Corrections' administrative grievance process. La. R.S. 15:1176. Thereafter, the aggrieved inmate can seek judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge as part of its required review process pursuant to R.S. 15:1177 and 15:571.15. See State ex rel. Bartie v. State, 501 So.2d 260 (La.App. 1st Cir.1986). Pursuant to La. R.S. 15:1177A(10), the inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. R.S. 13:312(1). To complete the process, the aggrieved petitioner must seek supervisory review in the Louisiana Supreme Court. La. C.C.P. art. 2201; La. C.Cr.P. art. 922.

A review of the pleadings and the published jurisprudence of the State of Louisiana reveals that petitioner has not sought review of his claims in the Louisiana Supreme Court. Since petitioner has not yet presented his instant claims to the Louisiana courts, the instant petition – since it raises unexhausted claims – is also subject to dismissal on that basis.

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana *May 06*, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE